HENRY J. GOTTLOB ET UX., PLAINTIFFS, APPELLANTS, v.
NORTH JERSEY STREET RAILWAY COMPANY, DE-
FENDANT, APPELLEE.

Submitted December 11, 1905—Decided February 26, 1906.

When it is reasonably inferable from the facts proven in the cause
that the passenger was injured through some act or omission of
the carrier's servant which might have been prevented by the
exercise of a high degree of care, there the question of the car-
rier's negligence is for the jury.

On appeal from the First District Court of the city of
Newark.

Before Justices FORT, GARRETSON and REED.

For the appellant, *Joseph A. Beecher.*

For the defendant, *Hobart Tuttle.*

The opinion of the court was delivered by

FORT, J.   In this case there was a direction by the trial
court of a verdict for the defendant.   In this we think there
was error.   The agreed case certified by the court shows that
the appellants were passengers on an open trolley car of the
defendant; that as this car approached the west side of
Market street, in Newark, coming southerly on Washington.
street, it stopped at the cross-walk for passengers to board or
alight; that persons got on the car as it stopped or was com-
ing to a stop; that the plaintiff Ellen N. Gottlob, after the
bell had been given to stop, arose and placed herself by the
side of the car and took hold of the uprights to await the
stopping of the car to alight.   The plaintiff's proof showed
that while in this position, and either before the car fully
stopped or after it had stopped, and before she had alighted
or even stepped to the running-board for that purpose, the
car was suddenly started with a lurch or jerk, or with such

force as to release her hold and throw her clear off the car to the stone pavement, whereby she was injured. Testimony as to the lurch or jerk or great force in the movement of the car was made by several passengers, who stated they were thrown from their feet and back into their seats, and the hat of one passenger on the platform was lifted from his head and thrown to the street.

The defence was that the car did stop at the crossing, and that two passengers boarded the car, and that the motorman then started the car at a moderate speed, and that it was moving at the time Mrs. Gottlob got off, and that the car was not stopped until it reached the other crossing, where it again stopped, and that there was no lurch or jerk of the car. There is nothing in the state of the case certified to show that the motorman got a bell to start the car after the two passengers boarded it at the crossing at which Mrs. Gottlob intended to get off. Where the conductor was or what he was doing does not appear. This seems significant.

On this state of facts a motion to direct a verdict for the defendant was made and granted. The District Court placed the granting of this motion on the case of *Faul* v. *North Jersey Street Railway Co.*, 41 *Vroom* 795. But that case does not sustain the court in our view. This case is rather within the principle stated in *Whalen* v. *Consolidated Traction Co.*, 32 *Id.* 606, so far as the defendant is concerned. In view of the fact that the car was signaled to stop, and that Mrs. Gottlob and others were preparing to alight, and that the car was started after it stopped and after two persons had boarded it, as the defendant's evidence showed, and of the further fact that it would appear that the motorman started the car before the passengers indicating a purpose to alight had opportunity to do so, and apparently without the conductor giving any bell for the car to start, we think the negligence of the defendant's servants in operating the car was for the jury, as was also the contributory negligence of Mrs. Gottlob in what she did in preparing to alight.

The judgment of the District Court is reversed and a new trial granted.